IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEX BONILLA-BUESO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-357-RP |
| | § | |
| KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security*, et al., | § § § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Petitioner Alex Bonilla-Bueso's (Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). Petitioner invokes 28 U.S.C. § 2243 and asks the Court to order Respondents Kristi Noem, Secretary of the Department of Homeland Security; Pamela Bondi, Attorney General of the United States; Todd M. Lyons, Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Charlotte Collins, Warden, T. Don Hutto Detention Center; and Sylvester Ortega, Director of Detention and Removal, ICE Field Office (collectively, "Respondents") to show cause within three days as to why the petition should not be granted.

The statutory provision that Petitioner invokes, 28 U.S.C. § 2243, instructs that:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceed twenty days, is allowed." 28 U.S.C. § 2243.

Petitioner, a citizen of Honduras, entered the United States in January 2012 "without being admitted or paroled." (Pet., Dkt. 1, at 2). In 2024, he applied for relief and lawful presence in the

1

United States by filing an asylum/withholding of removal application under 8 U.S.C. § 1158 and 8 U.S.C. § 1231(b)(3). (*Id.*). In November 2025, Petitioner was detained; he is currently located at T. Don Hutto Detention Center. (*Id.* at 3). He alleges that he is entitled to a writ because (1) the detention authority purportedly being applied to detain him does not apply;[1] (2) his detention violates his rights to due process under the Fifth Amendment; (3) his detention violates regulations located at 8 C.F.R. §§ 236.1, 1232.1, and 1003.19; (4) his detention violates the Administrative Procedure Act; and (5) he is a class member under *Maldonado Bautista v. Santacruz* and thus must be given an individualized bond hearing. (*Id.* at 3–4, 16–27). Petitioner asks the Court to declare that his detention violates the Fifth Amendment Due Process Clause; to order Respondents to release Petitioner immediately; in the alternative, order Respondents to "conduct a Constitutional hearing before an independent examiner where the Government bears the burden of proof to demonstrate by clear and convincing evidence why Petitioner should not be released and whether Petitioner presents a flight risk or a danger to the community"; issue an order preventing Respondents from removing Petitioner from the United States without notice and an opportunity to be heard; and award attorney's fees and costs. (*Id.* at 27).

The Court will order Respondents to show cause as to why Petitioner's writ should not be granted in accordance with § 2243.[2] Because the normal three-day timeline would make

---

[1] Petitioner recognizes that this argument was recently rejected by the Fifth Circuit, *see Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), but he raises this argument nonetheless to preserve it for further review. (*Id.* at 3–4).

[2] District courts may amend the timeline laid out in § 2243 where necessary for "equitable and prudential considerations." *Lan v. U.S. Immigr. & Customs Enf't*, No. 1:22-CV-05691, 2022 WL 15524695, at *1 (W.D. La. Oct. 26, 2022). "[I]t is well-settled that the strict time limit prescribed by § 2243 is 'subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases,' which are applicable to petitions filed under § 2241." *Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 13292924, at *1 (W.D. La. June 28, 2019). However, here, recognizing the serious consequences of continued allegedly wrongful detention, the Court finds that, both equitably and prudentially, the timeline suggested in § 2243 is appropriate.

2

Respondents' response due over the weekend, the Court will extend the timeline such that the response is due on the subsequent Monday.

Accordingly, **IT IS ORDERED** that the referral of this case to the United States Magistrate Judge Dustin Howell, (Dkt. 2), is **VACATED** and that this matter be returned to the docket of the District Court Judge Robert Pitman.

**IT IS FURTHER ORDERED** that notice of electronic filing of the Petition, (Dkt. 1), and this Order to the United States Attorney in San Antonio, Texas shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[3] and Federal Rule of Civil Procedure 5.[4]

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the Petition, (Dkt. 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that Respondents show cause in writing **on or before February 23, 2026**, as to why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus. Petitioner shall file a reply **on or before February 26, 2026**. Additionally, **on or before February 26, 2026**, either party may request a hearing to be scheduled after briefing is complete. Failure to request a hearing will constitute waiver of the opportunity for a hearing under § 2243.

---

[3] The Rules Governing § 2254 Cases may be applied to § 2241 cases. *See Olya v. Garite*, No. EP-25-CV-00083-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").

[4] Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. While the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to suffice as proper service in this case.

**IT IS FINALLY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). This is not to be construed as a temporary restraining order but rather an exercise of the Court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

**SIGNED** on February 18, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE